THIS writ of error is prosecuted to reverse a judgment rendered by rhe circuit court m favor ot Jackson, for tiie amount of improvements assessed by commissioners under the law concerning occupying claimants of land.
Jackson was the occupant, and the only question to winch the attention ot this court need oe directed, m revising the judgment of the court below, involves the inquiry, whether or not Jackson has shown himself entitled to the benefits of the occupying claimant laws?
If he is entitled to the benefit of any of those laws, it is perfectly clear that it must be that which was enacted at the session of 1820 ; for, to come within the provisions of any prior act, he should have shown a seating of the land from which he has been evicted, under a claim either in law or equity, the foundation whereof was of public record ; and there is in the present record a totai lack of proof to support such a claim.
But this court has been unable to discover the evidence which can bring Jackson’s case within the provisions of the act of 1820. He appears to have contracted for the land with a certain Robert Clarke, to whom Simon Kenton, who held an interest as locator of the land for the ancestor of the defendants, formerly leased it for a term of years, and to whom Kenton afterwards contracted to sell it, at a stipulated price. But when Kenton contracted with Clarke for the sale of the land, he held but an interest of one third as locator, and no part of the price was ever paid by Clarke, and his contract with Kenton was finally cam celled. With a perfect knowledge that Clarke had never paid any part of the price lor the land, and that Kenton was neither under equitable obligations, nor *209 able to convey, Jackson first leased th? land of Clarke, and afterwards ontracted with Him for the purchase of it, and has ever since remained in the possession thereof. After haying thiis, with full knowledge of the circumstances of the title, obtained the possession, Clarke cannot be denominated an innocent and bona Jide occupant; and it is. to that description of occupants only, the áct of 1820 extends its provisions.
. Jackson hás exhibited other documents in support of his claim, but none of them evince any thing like am equity in the land, ánd they appear all to hate been procured by him with full knowledge of the claim of the defendants; and instead of conducing to prove his occupancy to be in good faith, tend rather to show an effort to bring himself within the provisions of the occupying clainiánt láw, by unfair management.
Sis case cannot, therefore, be admitted to fall within tlie law made to protect the innocent and 6o?ia Jide occupant; and the judgment of the circuit, court must consequently bé reversed with, costs, the cause remanded, and the order appointing commissioners set aside with costs.